UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | No. 2:13-cv-1749 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. RUGGIERO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.

1

1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's representation that he is an inmate who is classified as an E.O.P. (Enhanced Outpatient Program) in the prison's mental health system does not rise to the level of an exceptional circumstance. Many prisoners who are able to proceed pro se in civil rights actions suffer from both mental and physical disabilities or limitations. Plaintiff has been able to frame colorable claims in a pro se complaint against a number of defendants. In the present case and at the present time, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF Nos. 25 and 27) are denied.

DATED: November 20, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE