UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | No. 2:13-cv-1749 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. RUGGIERO, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 10, 2016, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Defendant Ruggiero, the only party not dismissed from this action, has filed objections to the findings and recommendations.

    Defendant Ruggiero argues he would have taken the same actions in the absence of Plaintiff's protected conduct.  *See Allen v. Iranon*, 283 F.3d 1070, 1074 (9th Cir. 2002) (internal alterations omitted) (discussing that at trial "defendants could escape liability only by sustaining the burden of proving by a preponderance of the evidence that they would have reached the same

1

1  decision ... even in the absence of the plaintiff's protected conduct"). However, Plaintiff alleges
2  Ruggiero possessed implementing authority for the search of his cell and recovery of source
3  items. At this stage the inferences must be drawn in Plaintiff's favor; it is not a concluded fact
4  that Defendant would have implemented the same investigation in the absence of Plaintiff's
5  protected conduct.

6  Defendant Ruggiero argues Plaintiff must prove Ruggiero lacked legitimate penological
7  goals for taking the steps leading to Plaintiff's gang validation. *See Pratt v. Rowland*, 65 F.3d
8  802, 806 (9th Cir. 1995). Under a summary judgment standard, Plaintiff has adequately claimed
9  that Ruggiero initiated the investigation because of Plaintiff's protected activity and without a
10 legitimate interest in Plaintiff's gang affiliation. Defendant also argues he is entitled to qualified
11 immunity. "[T]he prohibition against retaliatory punishment is 'clearly established law' in the
12 Ninth Circuit, for qualified immunity purposes." *Id.* (citing *Schroeder v. McDonald*, 55 F.3d 454,
13 461 (9th Cir. 1995)). Under a summary judgment standard, Plaintiff has adequately claimed that
14 Ruggerio retaliated against him for engaging in protected activity. In resolving the question of
15 qualified immunity on defendant's motion for summary judgment, the court must view the facts
16 in the light most favorable to the plaintiff, *Schwenk v. Hartford,* 204 F.3d 1187, 1198 (9th Cir.
17 2009), and can only grant the motion if defendant presents evidence that would entitle him to a
18 "directed verdict if the evidence went uncontroverted at trial." *Houghton v. South,* 965 F.2d 1532,
19 1536 (9th Cir. 1992). Defendant does not meet this standard.

20 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
21 Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the
22 Court finds the findings and recommendations to be supported by the record and by proper
23 analysis. The Court overrules Defendant's objections to the findings and recommendations.

24 Accordingly, IT IS HEREBY ORDERED that:
25 1. The findings and recommendations filed March 10, 2016, are adopted in full;
26 2. Defendants' motion for summary judgment is granted on Plaintiff's Eighth and
27 Fourteenth Amendment claims, and on Plaintiff's First Amendment claims against Defendants
28 Campbell and Audette;

2

3. Defendants' motion for summary judgment is denied on Plaintiff's First Amendment claim against Defendant Ruggiero; and

4. This case is referred back to the assigned magistrate judge for all further pretrial proceedings.

Dated: April 4, 2016

                    Troy L. Nunley
                    United States District Judge